UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

LARRY MCCOULLUM,       )
                         )
                         )
v.                       )    Criminal  No. 03-52-P-H
                         )
                         )    Civil No.   06-196-P-H
UNITED STATES OF AMERICA,  )
                         )
                         )

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Larry McCoullum has filed a 28 U.S.C. § 2255 motion seeking relief from his federal conviction and sentence on four ineffective assistance grounds (Docket Nos. 1 & 8)[1]; a "Motion In Standing & Affidavit to Toll 28 U.S.C. § 2255 ¶ 6(4) Limitations Period for Cause" (Docket No. 2); and a "Motion for Leave to File 'Standing' in Support of Petitioner's 2255 Ineffective Assistance of Counsel" (Docket No. 3). The United States has filed a response pressing an argument that McCoullum's motion should be summarily dismissed on the grounds that it is time-barred.  (Docket No. 10.)[2]  Also pending is a motion by McCoullum pursuant to Federal Rule of Civil Procedure 34 requesting an independent medical examination (Docket No. 11) and a "Motion for Judgment on the Pleadings Rule 55/56 F. Rule Cv. P. or Alternatively Evidentiary Hearing" (Docket No. 16).

---

[1]      McCoullum filed a motion to supplement his 28 U.S.C. § 2255 motion which contained two ineffective assistance claims which I granted after the United States indicated that it did not oppose the motion. (Docket Nos. 5, 6, 7 & 8.)

[2]      I granted McCoullum an extension of time to reply to the United States' motion to dismiss. (Docket Nos. 12 & 13.)  McCoullum filed his "Rebuttal" to the United States' motion on December 14, 2006.  (Docket No. 14.)  Unsure if McCoullum viewed his December 14 rebuttal as his final word, I allowed the full extension time to run prior to issuing this decision. McCoullum has not filed an additional pleading.

*Discussion*

**Motion for Judgment on the Pleading (Docket No. 16)**

In his motion for judgment on the pleading McCoullum asserts that the United States has conceded the merits of his substantive grounds for 28 U.S.C. § 2255 relief by not addressing the merits of his claim in its motion to dismiss.  The United States is entitled to file a motion for summary dismissal without addressing the merits of the movant's grounds if it believes that it has a valid statute of limitations defense.  It has not conceded that McCoullum's substantive grounds entitle him to § 2255 relief.  The motion for judgment on the pleadings is denied, as is the motion for evidentiary hearing, contained therein.

**Motions in Asserting Standing (Dockets No. 2 & 3)**

With respect to McCoullum's "Motion In Standing & Affidavit to Toll 28 U.S.C. § 2255 ¶6(4) Limitations Period for Cause" and "Motion for Leave to File 'Standing' in Support of Petitioner's 2255 Ineffective Assistance of Counsel," I will consider any arguments made in these awkwardly styled motions to the extent they have any bearing on resolving the underlying 28 U.S.C. § 2255 motion.

**Timeliness of the 28 U.S.C. § 2255 Motion**

The 28 U.S.C.§ 2255 limitation period runs from the latest of:

(**1**) the date on which the judgment of conviction becomes final;
(**2**) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(**3**) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(**4**) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 ¶ 6.

      With respect to the statute of limitations concern, the United States argues:

> In this case, there is a jurisdictional obstacle to McCoullum's § 2255 petition and related pleadings. It is that the statutory limit on the time for bringing a collateral challenge has expired. Thus, this collateral challenge should be summarily dismissed.
>
>     …
>
> According to the First Circuit, a §2255 petition that is filed more than one year after judgment is final is subject to summary dismissal. See Rogers v. United States, 180 F.3d 349, 354 (1st Cr. 1999); see also Lattimore v. Dubois, 311 F.3d 46, 53 (1st Cir. 2002); Trenkler v. United States, 268 F.3d 16, 19 (1st Cir. 2001).
>
>     In this case, mandate issued from the appellate court on February 14, 2005. The Supreme Court denied a writ of certiorari on May 16, 2005. Thus, as of May 16, 2005, the judgment became final. See Clay v. United States, 537 U.S. 522, 525 (2003); 28 U.S.C. §2255(1). This means that the latest date on which McCoullum's §2255 would be timely would have been May 16, 2006. See 28 U.S.C. §2255(1).
>
>     McCoullum's §2255 petition, however, was not filed until six months later, on November 13, 2006. His other related pleadings were filed even later in November 2006. Thus, the §2255 petition and all related pleadings should be summarily dismissed for lack of jurisdiction. See Rogers, 180 F.3d at 354; 18 U.S.C. §2255.

(Mot. Dismiss at 5-6.)

      In his "Rebuttal" to the United States' motion McCoullum asks the court to adjudicate his case "on the pleadings upon grant of equitable tolling and in light that respondent failed to present conclusive proof or refuted each claim pursuant to rule 8 F. R. Cv. P. conceding and waiving any concise answer." (Rebuttal at 2.)  McCoullum then attacks his attorney's performance to investigate his psychiatric records (id. at 3); disputes the use of prior state convictions in the setting of his federal sentence (id. at 4-5, 8); asserts that he was not properly sentenced as a career offender (id. at 6-7); argues that his sentence was manipulated by his attorney and the prosecutor (Id. at 7-9); suggests that he is entitled to equitable tolling of the 28 U.S.C. § 2255 statute of limitation because he has

been impeded from making a motion because his attorney colluded with counsel to interfere with McCoullum's evidence of mental health problems and his diminished capacity (id. at 9-11);  and insists that he acted with due diligence, without explicating how this is so (id. at 11-12).

In his rebuttal McCoullum repeatedly incorporates and invokes the contents of his motion for standing pertaining to the tolling of the 28 U.SC. § 2255 statute of limitation. In this pleading he states that he suffers from bi-polar, psychosis, schizophrenia, and manic depression and is currently segregated at his federal penitentiary.  (Mot. Re: Standing Toll 28 U.SC. § 2255 Limitation at 1.)  He claims that he should be excused from not complying with the one-year statute of limitation because of his diminished capacity; there are meritorious issues that counsel failed to present; and his incarceration in the special housing unit (a status partly due to his mental illness) deprives him of adequate cell delivery services vis-à-vis book delivery; and there are no legal assistance programs at his facility to assist impaired persons.  (Id. at 2-3.)  McCoullum also believes that he exercised due diligence, arguing that he did not realize that his state prior convictions would be used against him in the federal proceedings because of his diminished capacity.  (Id. at 3-4.)  To this pleading McCoullum attaches a copy of an inmate request form for the library at his facility which indicates that he requested two Supreme Court cases and a First Circuit case indicating that he will receive the cases the week of October 20, 2006, over five months after his one-year ran.

In his affidavit in support of his rebuttal McCoullum indicates that he is attaching letters and envelopes documenting his attempts to obtain research materials while confined in segregation.  He states that he and Marc Hall began to file Freedom of

4

Information Act letters to numerous hospitals, and the like, to obtain mental health documents and some are outstanding.  He reports that other state court proceedings have been initiated seeking the plea colloquy records for two prior Massachusetts convictions. McCoullum also represents that he contacted employees of this court and has attempted to reach one of his ex-attorneys.   Finally he complains that he is taking psychotropic medications for mental illness and as of December 7, 2006, he was removed from Mr. Hall's cell which means that he is further impeded.

To this affidavit he attaches:

- A December 5, 2006, letter from a deputy clerk of this court that informs McCoullum that the court does not have the addresses he requested.  (McCoullum Aff. Attach. 1.)
- A November 29, 2006, Freedom of Information Act request to a Massachusetts state court seeking copies of his plea agreement proceeding.  (Id. Attach. 2.)
- An undated copy of a case summary for a 1998 guilty plea in Massachusetts.  (Id. Attach. 3.)
- A November 6, 2006, letter from Attorney Nicholas Mahoney to McCoullum indicating that he is unable to assist McCoullum with his motion to vacate sentences that arise from Massachusetts convictions because he does not practice in Massachusetts and providing McCoullum with the addresses for two county superior courts in Massachusetts.  (Id. Attach. 4.)
- A November 9, 2006, letter from a case manager for this court providing three addresses for courts in Massachusetts.  (Id. Attach. 5.)
- A November 17, 2006, letter from a district court in Massachusetts informing McCoullum that requests for new trials must be made through motion to the court, supported by an affidavit.  (Id. Attach. 6.)
- A November 20, 2006, letter from the National Criminal Justice Reference Service to McCoullum informing him that as an information clearinghouse it can provide documents or information on a wide variety of criminal or juvenile justice issues but cannot assist him with his current endeavor.  (Id. Attach. 7.)
- One page of a letter received by the National Criminal Justice Reference Service on November 15, 2006, from McCoullum complaining about prison administration, inadequate mental health care, and mail tampering.  (Id. Attach. 8.)
- A November 22, 2006, Freedom of Information Act request by McCoullum to a behavioral health center in Dorchester, Massachusetts, asking for copies of his mental health records, the name of the doctor that diagnosed him for the United States Government for mental health and social security benefits, and the address of a certain hospital in Lynn, Massachusetts.  (Id. Attach 9.)

5

- A <u>November 27, 2006</u>, letter from a case manager of this court informing McCoullum -- apropos a request that this court obtain transcripts and documents from his prior cases in Massachusetts – that McCoullum was responsible for providing the court with any documents necessary to his case and should contact the Massachusetts courts directly.  (<u>Id.</u> Attach. 10.)

McCoullum's 28 U.S.C. § 2255 motion was filed on November 13, 2006.  The earliest date on his attachments is the November 6, 2006, letter to Attorney Mahoney.  His 28 U.S.C. § 2255 ¶ 6(1) one- year ran on May 16, 2005, and, other than his generalized assertion of mental health problems and limited access to legal books, nothing in his many pleadings explains why he waited until November 2006 to take the steps he did vis-à-vis his 28 U.S.C. § 2255 motion.  The First Circuit does recognize the availability of equitable tolling in habeas cases, but McCoullum has not made an adequate showing of his entitlement to this relief.  <u>See</u> <u>Cordle v. Guarino</u>, 428 F.3d 46, 47-49 (1st Cir. 2005); <u>Neverson v. Farquharson</u>, 366 F.3d 32, 41-44 (1st Cir.2004).  He claims that he has exercised due diligence -- both with respect to equitable tolling and a suggestion  that 28 U.S.C. § 2255 ¶ 6(4) should apply -- but all his documentation is from November 2006, and later, well after his ¶ 6(1) one-year had run.  <u>See</u> <u>Cordle</u>, 428 F.3d at 49.  There is no evidence of his diligence during the time-period crucial to preparing his 28 U.S.C. § 2255 motion so that it would have been timely under § 6(1).

With respect to his invocation of the ¶ 6(4) limitation period, McCoullum's pleadings do not generate the type of scenario in which it would be appropriate to apply this provision.  The grounds that he raises in his § 2255 motion, the allowed supplement, and his motion for standing directed at his ineffective assistance claims, focus on the performance of his attorneys during his plea, sentencing, and appeal.  It is evident that McCoullum thinks he might be able to challenge his prior Massachusetts convictions but

it is equally evident that he does not yet have any basis for relief in <u>this</u> court because of <u>new</u> factual evidence that those convictions were improperly used in setting his federal sentence.  <u>Compare</u> <u>Johnson v. United States</u>, 544 U.S. 295 (2005).  What is more, McCoullum was sentence on December 1, 2003, at which point he was alerted to the fact that his prior convictions were key to his career offender status.  (Crim. No. 03-52-P-H, Sentencing Tr. at 7-8.)  <u>See</u> <u>Johnson</u>, 544 U.S. at 311 (concluding, as to a 28 U.S.C. § 2255 movant who had succeeded in successfully challenging his predicate state convictions and could invoke 6 ¶(4),  that he had not exercised due diligence in doing so given that he had not filed his state challenges until more than three years after his federal career offender judgment).

### Motion for an Independent Medical Examination (Docket No. 11)

In his motion for an independent medical examination, made pursuant to Federal Rule of Civil Procedure 34, McCoullum asks for the appointment of a mental health doctor/psychologist other than one who works for the Bureau of Prisons.   He wants this doctor to determine whether McCoullum suffered during the trial proceedings from bi-polar, psychosis, schizophrenia, or manic depression; determine specifically what combination of illnesses he suffered from including the several types of existing schizophrenia; determine what mental state of mind McCoullum was in at the time of his crime; conduct a review of the records from six enumerated facilities that have seen McCoullum over the years (unspecified); and identify any childhood or other family problems.  McCoullum believes that this exam could support his claim that his attorneys failed to adequately support the case for a diminished capacity downward departure.  This is a fishing expedition not unlike the one he imagines apropos his prior convictions.  If

anything this is an even more far-fetched expedition in view of the questionable validity any conclusions from such an examination three years later would have as to McCoullum's mental state at the time of his crime and federal prosecution.

I also note that McCoullum's attorney moved for an evaluation prior to sentencing but withdrew the motion so as not to delay sentencing or prejudice the acceptance of responsibility reduction.  (Crim. No. 03-52-P-H, Docket Nos. 42, 43 & 44; Presentence Tr. at 4.) Nevertheless, counsel raised the question of his client's mental health during the pre-sentence conference (Presentence Tr. at 3-6) and moved for a downward departure based on his mental state and mental illness and accompanied this motion with medical/psychiatric records (see id. Docket No. 47).   The concern was clearly before this Court during sentencing, both with respect to the defendant's motion for downward departure and the United States' motion for acceptance of responsibility.  (Sentencing Tr. at 2, 5, 11 -12, 15-16.)  The Court concluded that under United States v. Ahlers, 305 F.3d 54 (1st Cir. 2002) it could not grant the defendant's motion for departure in contravention of the statutory minimum. (Sentencing Tr. at 12.)

### *Conclusion*

For the reasons above I order that the motion for judgment on the pleadings together with the motion for evidentiary hearing contained therein (Docket No. 16) are **DENIED**; I order that the motion for an independent medical exam (Docket No. 11) is **DENIED**; and I recommend that the Court summarily dismiss this 28 U.S.C. § 2255 proceeding (Docket Nos. 1, 2 & 3) as barred by the applicable statute of limitation.

<u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 19, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge